Alisa A. Lipski, (SBN 278710)
Ahmad, Zavitsanos, Anaipakos, Alavi & Mensing P.C.
1221 McKinney, Ste. 3460
Houston, TX 77010
(713) 655-1101 – Main
(713) 655-0062 – Facsimile
alipski@azalaw.com – Email

Attorney for Plaintiff

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| NEXUS DISPLAY TECHNOLOGIES LLC., | Case No. 14-1119 |
|---|---|
| Plaintiff, | **NEXUS DISPLAY TECHNOLOGIES LLC'S COMPLAINT FOR PATENT INFRINGEMENT** |
| v. | |
| VIEWSONIC CORP., | |
| Defendant. | |

COMPLAINT

Plaintiff Nexus Display Technologies LLC ("NDT" or "Plaintiff") hereby submits this Complaint against Defendant ViewSonic Corp. ("ViewSonic" or "Defendant") and states as follows:

**THE PARTIES**

1. NDT is a Texas limited liability company, having a principal place of business at 2400 Dallas Parkway, Suite 200, Plano, Texas 75093.

2. On information and belief, Defendant ViewSonic Corp. is a corporation organized and existing under the laws of Delaware, having a principal place of business at 381 Brea Canyon Road, Walnut, California 91789.

**JURISDICTION AND VENUE**

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the patent laws of the United States, 35 U.S.C. §§ 101 *et seq*.

4. Venue is proper in this federal district pursuant to 28 U.S.C. §§1391(b)–(c) and 1400(b) in that Defendant has done business in this District, has committed acts of infringement in this District, and continues to commit acts of infringement in this District, entitling NDT to relief.

**COUNT I: INFRINGEMENT OF U.S. PATENT NO. 7,295,578**

5. On November 13, 2007, the United States Patent and Trademark Office ("USPTO") duly and legally issued United States Patent No. 7,295,578 ("the '578 Patent"), entitled "Method And Apparatus For Synchronizing Auxiliary Data And Video Data Transmitted Over A TMDS-Like Link." NDT holds all rights, title, and interest in and to the '578 Patent. ViewSonic is not licensed to the '578 Patent, yet ViewSonic knowingly, actively, and lucratively practices the patents.

6. Upon information and belief, ViewSonic has infringed directly and continues to infringe directly the '578 Patent. The infringing acts include, but are not limited to, the manufacture, use, sale, importation, and/or offer for sale of products and/or methods encompassed by the claims of the '578 Patent. ViewSonic's infringing products include, but are not limited to, at least the ViewSonic SC-Z56 zero client and the ViewSonic Touch, ViewSonic VP, and ViewSonic VG series of monitors.

7. The acts of infringement by ViewSonic have caused damage to NDT, and NDT is entitled to recover from ViewSonic the damages sustained by NDT as a result of ViewSonic's wrongful acts in an amount subject to proof at trial. The infringement of NDT's exclusive rights under the '578 Patent by ViewSonic has damaged and will continue to damage NDT, causing irreparable harm, for which there is no adequate remedy at law, unless enjoined by this Court.

8. At least as early as its receipt of this Complaint, ViewSonic has had knowledge of the '578 Patent and written notice of the infringement. NDT intends to seek discovery on the issue of willfulness and reserves the right to seek a willfulness finding and increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

**COUNT II: INFRINGEMENT OF U.S. PATENT NO. 7,599,439**

9. On October 6, 2009, the United States Patent and Trademark Office ("USPTO") duly and legally issued United States Patent No. 7,599,439 ("the '439 Patent"), entitled "Method and System for Transmitting N-Bit Video Data Over a Serial Link." NDT holds all rights, title, and interest in and to the '439 Patent. ViewSonic is not licensed to the '439 Patent, yet ViewSonic knowingly, actively, and lucratively practices the patents.

10. Upon information and belief, ViewSonic has infringed directly and continues to infringe directly the '439 Patent. The infringing acts include, but are not limited to, the

manufacture, use, sale, importation, and/or offer for sale of products and/or methods encompassed by the claims of the '439 Patent. ViewSonic's infringing products include, but are not limited to, at least the ViewSonic SC-Z56 zero client.

11. The acts of infringement by ViewSonic have caused damage to NDT, and NDT is entitled to recover from ViewSonic the damages sustained by NDT as a result of ViewSonic's wrongful acts in an amount subject to proof at trial. The infringement of NDT's exclusive rights under the '439 Patent by ViewSonic has damaged and will continue to damage NDT, causing irreparable harm, for which there is no adequate remedy at law, unless enjoined by this Court.

12. At least as early as its receipt of this Complaint, ViewSonic has had knowledge of the '439 Patent and written notice of the infringement. NDT intends to seek discovery on the issue of willfulness and reserves the right to seek a willfulness finding and increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

**COUNT III: INFRINGEMENT OF U.S. PATENT NO. 5,835,498**

13. On November 10, 1998, the United States Patent and Trademark Office ("USPTO") duly and legally issued United States Patent No. 5,835,498 ("the '498 Patent"), entitled "System and Method For Sending Multiple Data Signals Over a Serial Link." NDT holds all rights, title, and interest in and to the '498 Patent. ViewSonic is not licensed to the '498 Patent, yet ViewSonic knowingly, actively, and lucratively practices the patents.

14. Upon information and belief, ViewSonic has infringed directly and continues to infringe directly the '498 Patent. The infringing acts include, but are not limited to, the manufacture, use, sale, importation, and/or offer for sale of products and/or methods encompassed by the claims of the '498 Patent. ViewSonic's infringing products include, but are

not limited to, at least the ViewSonic SC-Z56 zero client and the ViewSonic Touch, ViewSonic VP, and ViewSonic VG series of monitors.

15. The acts of infringement by ViewSonic have caused damage to NDT, and NDT is entitled to recover from ViewSonic the damages sustained by NDT as a result of ViewSonic's wrongful acts in an amount subject to proof at trial. The infringement of NDT's exclusive rights under the '498 Patent by ViewSonic has damaged and will continue to damage NDT, causing irreparable harm, for which there is no adequate remedy at law, unless enjoined by this Court.

16. At least as early as its receipt of this Complaint, ViewSonic has had knowledge of the '498 Patent and written notice of the infringement. NDT intends to seek discovery on the issue of willfulness and reserves the right to seek a willfulness finding and increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

### COUNT IV: INFRINGEMENT OF U.S. PATENT NO. 7,143,328

17. On November 28, 2006, the United States Patent and Trademark Office ("USPTO") duly and legally issued United States Patent No. 7,143,328 ("the '328 Patent"), entitled "Auxiliary Data Transmitted Within A Display's Serialized Data Stream." NDT holds all rights, title, and interest in and to the '328 Patent. ViewSonic is not licensed to the '328 Patent, yet ViewSonic knowingly, actively, and lucratively practices the patents.

18. Upon information and belief, ViewSonic has infringed directly and continues to infringe directly the '328 Patent. The infringing acts include, but are not limited to, the manufacture, use, sale, importation, and/or offer for sale of products and/or methods encompassed by the claims of the '328 Patent. ViewSonic's infringing products include, but are not limited to, at least the ViewSonic SC-Z56 zero client and the ViewSonic Touch, ViewSonic VP, and ViewSonic VG series of monitors.

19. The acts of infringement by ViewSonic have caused damage to NDT, and NDT is entitled to recover from ViewSonic the damages sustained by NDT as a result of ViewSonic's wrongful acts in an amount subject to proof at trial. The infringement of NDT's exclusive rights under the '328 Patent by ViewSonic has damaged and will continue to damage NDT, causing irreparable harm, for which there is no adequate remedy at law, unless enjoined by this Court.

20. At least as early as its receipt of this Complaint, ViewSonic has had knowledge of the '328 Patent and written notice of the infringement. NDT intends to seek discovery on the issue of willfulness and reserves the right to seek a willfulness finding and increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## JURY DEMAND

21. NDT hereby demands a trial by jury on all issues.

## PRAYER FOR RELIEF

WHEREFORE, NDT requests entry of judgment in its favor and against ViewSonic as follows:

a. A declaration that ViewSonic has infringed and is infringing the '578, '439, '498, and '328 Patents;

b. An Order permanently enjoining ViewSonic, its officers, agents, employees, and those acting in privity with it, from further direct and/or indirect infringement of the '578, '439, '498, and '328 Patents;

c. An award of damages to NDT arising out of ViewSonic's infringement of the '578, '439, '498, and '328 Patents, including enhanced damages pursuant to 35 U.S.C. § 284, together with prejudgment and post-judgment interest, in an amount according to proof;

d.  An award of attorneys' fees pursuant to 35 U.S.C. § 285 or as otherwise permitted by law; and,

e.  Granting NDT its costs and further relief as the Court may deem just and proper.

Dated: July 17, 2014                              Respectfully submitted,

*/s/ Alisa Lipski*
Alisa A. Lipski
California Bar No. 278710
alipski@azalaw.com

AHMAD, ZAVITSANOS, ANAIPAKOS, ALAVI & MENSING P.C.
1221 McKinney Street, Suite 3460
Houston, TX 77010
Telephone: 713-655-1101
Facsimile: 713-655-0062

**ATTORNEY FOR PLAINTIFF NEXUS DISPLAY TECHNOLOGIES LLC**

6
COMPLAINT